J-S60037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ERICK ROBERT TROMETTER :
:
Appellant : No. 966 MDA 2019

Appeal from the PCRA Order Entered May 22, 2019
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s): CP-49-CR-0001348-2014

BEFORE: SHOGAN, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED NOVEMBER 26, 2019**

Erick Robert Trometter (Trometter), appeals from the order dismissing

his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42

Pa.C.S. §§ 9541-9546. Counsel for Trometter has filed a motion to withdraw

from representation and an ***Anders*** brief.[1] We grant counsel's petition to

withdraw and affirm the order of the PCRA court.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Counsel filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), instead of a ***Turner***/***Finley*** no-merit letter, which is the appropriate filing in the PCRA context. ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). However, "[b]ecause an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner***/***Finley*** letter." ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citation omitted).

On August 28, 2015, a jury found Trometter guilty of two counts of aggravated assault and one count each of possession of a weapon, simple assault and recklessly endangering another person.[2] The charges stem from an incident during which Trometter advanced, while brandishing a large knife, toward the then-acting Chief of the Sunbury Police Department Brad Hare. Despite the chief's verbal commands that he drop the knife and use of a taser on him, Trometter continued approaching Chief Hare. Trometter's progression towards Chief Hare stopped only when the chief shot him in the abdomen. On December 21, 2015, the trial court sentenced Trometter to an aggregate term of not less than four nor more than eight years' incarceration. This Court affirmed the judgment of sentence on July 24, 2017. Trometter did not file a petition for allowance of appeal with our Supreme Court.

On January 2, 2018, Trometter, acting *pro se*, filed this timely PCRA petition, later amended by appointed counsel, arguing that trial counsel for Trometter provided ineffective assistance. At the PCRA hearing, trial counsel, James Best, Esq. (Attorney Best), as well as appellate counsel on direct appeal, Michael O'Donnell, Esq. (Attorney O'Donnell), testified. The allegations raised at the hearing concerned trial counsel's failure to file a motion to suppress statements made by Trometter to Pennsylvania State

---

[2] 18 Pa.C.S. §§ 2702(a)(2), 2702(a)(6), 907(b), 2701(a)(3), and 2705, respectively.

Police Trooper Ronald Zanella while hospitalized;[3] request a psychiatric evaluation for Trometter; and obtain video of the incident from Chief Hare's vehicle. (**See** PCRA Court Order, 5/22/19, at 1-2). The PCRA court entered its order dismissing the petition and Trometter timely appealed.[4]

Counsel then filed her motion to withdraw from representation and her **Anders** brief. In those circumstances:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under **Turner**, **supra** and **Finley**, **supra** and . . . must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

_____

[3] When Trooper Zanella interviewed Trometter, he admitted that he had a knife in his left hand and that he did not follow Chief Hare's commands because he was not going back to jail. (**See** N.T. Trial, 5/28/15, at 119-123).

[4] Counsel filed a statement of intent to file an **Anders/Santiago** brief in lieu of filing a Rule 1925(b) statement. **See** Pa.R.A.P. 1925(c)(4). The PCRA court filed a statement in lieu of an opinion on July 19, 2019. **See** Pa.R.A.P. 1925(a).

***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted). If counsel has satisfied the above requirements, this Court must then conduct its own review of the record and render an independent judgment as to whether the appeal is without merit. ***Id.*** at 591.

Upon review of counsel's motion to withdraw and the appellate brief submitted on Trometter's behalf, we conclude that counsel has substantially complied with the procedural requirements of ***Turner*** and ***Finley***. Therefore, we must proceed with our independent review of this case. ***See Walters***, ***supra*** at 591.

The appellate brief raises claims challenging the assistance of trial counsel. (***See Anders*** Brief, at 2-6).[5] "Success on a claim of ineffective assistance of counsel requires the petitioner to rebut the presumption that counsel rendered effective assistance and prove, by a preponderance of the evidence, that (1) the claim has arguable merit, (2) counsel's action or inaction was not based upon a reasonable trial strategy and (3) petitioner suffered prejudice because of counsel's act or omission." ***Commonwealth v. Williams***, 141 A.3d 440, 454 (Pa. 2016) (citation omitted). "The failure to satisfy any one of the prongs requires rejection of the petitioner's claim." ***Id.***

_____

[5] "When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa. Super. 2018), *appeal denied*, 200 A.3d 939 (Pa. 2019) (citation omitted).

(citation omitted). "[C]ounsel will not be deemed ineffective for failing to raise a meritless claim." ***Commonwealth v. Miller***, 212 A.3d 1114, 1129 (Pa. Super. 2019) (citation omitted).

Instantly, Trometter claims that trial counsel was ineffective for failing to file a motion to suppress the statements he made to Trooper Zanella while he was hospitalized after he was shot. Trometter also argues that counsel was ineffective for failing to request a psychiatric evaluation and for failing to obtain video evidence from the police vehicle at the scene of the incident. (***See Anders*** Brief, at 4-6).

At the PCRA hearing, Attorney Best testified that he has practiced criminal law since 1991, primarily as a defense attorney. He averred that, under circumstances where he believes that police violated his client's rights during an interrogation, his routine practice is to file a suppression motion. (***See*** N.T. PCRA, 4/29/19, at 13-14). Attorney Best further testified that he did not recall any basis on which to file a suppression motion in this case and that he has no regrets regarding his representation of Trometter. (***See id.*** at 14-15).

Regarding the lack of psychological evaluation, Attorney Best testified that he had no difficulty whatsoever communicating with Trometter during trial, and that there would have been no trial if Trometter were incompetent. (***See id.*** at 10). Additionally, at trial, Trooper Zanella testified that Trometter was coherent during his interview, that he understood who the trooper was

- 5 -

and why he was there, and that he responded appropriately to questions. (*See* N.T. Trial, at 120).

Finally, with respect to the video from the police cruiser referenced in the State Police Evidence Log, Attorney Best testified that he did not recall ever seeing the video, and that he did not know if the contents actually showed anything. (*See* N.T. PCRA, at 12). He stated, "the Commonwealth represented there was no such videos." (*Id.* at 11). Attorney O'Donnell testified that when he represented Trometter on direct appeal, he personally contacted both the District Attorney's Office and the local police department in an attempt to locate any video documentation and that those offices had none. (*See id.* at 17).

After review of the record, we agree with the PCRA court's conclusion that Trometter's claims lack arguable merit and that he failed to meet his burden of establishing trial counsel's ineffectiveness.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2019

- 6 -